UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
AUG 1 6 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-411-GWU

NORA J. MINTON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action as a continuation of the appeal in <u>Minton v. Barnhart</u>, London Civil Action No. 03-542 (E.D. Ky.) (Tr. 326-335) to obtain judicial review of an administrative denial of her original applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), as well as another DIB claim and an SSI claim consolidated at the agency level on remand. The appeal is currently before the Court on cross-motions for summary judgment and the plaintiff's motion to remand.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind

1

shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

2

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however,

3

merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The undersigned had remanded the case originally because the administrative law judge (ALJ) found that Minton did not suffer from a "severe" physical impairment, despite the opinion of an examining source (Dr. James Templin) whose opinion was not specifically contradicted by another examining source of record or addressed by the agency medical reviewer. (Tr. 333-334). See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

In the administrative decision on remand, the ALJ again found that the plaintiff had no "severe" physical impairments (Tr. 318) and rejected the opinion of Dr. Templin, primarily based on the testimony of Medical Expert Arthur Lorber (Tr. 312-313).

Minton

Medical Expert Lorber <u>did</u> address <u>some</u> of the information from Dr. Templin. He addressed (Tr.629-630) the diagnoses regarding fibromyalgia and rheumatoid arthritis contained in Templin's textual report (Tr. 250); however, the actual residual function capacity assessment form (Tr. 251-253) was an additional document and one which did <u>not</u> contain these two challenged diagnoses. In this document, Templin expressed the opinion that the plaintiff's most severe problem was chronic diffuse joint pain (rather than another condition) and appeared to cite x-rays <u>other than those of the lumbar spine</u> to the effect that the plaintiff suffered from a bone spur and osteoarthritis (Tr. 250).[1] Thus, at least some of Templin's findings, then, were not addressed by Lorber, despite the directions on remand. Further, discrete activity restrictions could logically be seen to be associated with these joint conditions, particularly in view of Templin's clinical findings regarding the ankle and shoulder, such as a need to avoid repetitive sustained reaching, balancing or prolonged standing and walking (Tr. 251-252).

In view of the fact that the only RFCA opinion from any other type of treating or examining source suggested severe limitations, and the fact that the ALJ again

---

[1] Osteoarthritis of the ankle and hands was diagnosed by treating sources of record, such as Ray Hays and the Christian Health Care staff (E.g., Tr. 239).

5

Minton

chose to decline the application by in part denying the existence of a "severe" impairment, the case must again be remanded for further consideration.[2]

This the ___16___ day of August, 2006.

_____
G. WIX UNTHANK,
SENIOR JUDGE

---

[2]Since the case is being remanded anyway, there is no need for a separate ruling on the plaintiff's motion to remand; the plaintiff will presumably be allowed to submit additional exhibits for the agency's perusal.

6